

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2009

# Braddock Cemetery v. Consol Energy Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3881

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Braddock Cemetery v. Consol Energy Inc" (2009). *2009 Decisions.* Paper 1216.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1216

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 08-3881/08-3938
_____

KARL E. GARY; OSCAR R. IAMS; SHIRLEY J. IAMS;
CHARLES W. PHILLIPS; DAVID HIGGENBOTHAM;
JUDITH HIGGENBOTHAM; MARY ANN NEELY;
CHARLES AMBROSE WHITLATCH, JR.;
DEBRA ANN WHITLATCH; DONALD WHITLATCH;
FRANCIS E. WHITLATCH; HENRY ABNER WHITLATCH;
NORMA JEAN WHITLATCH; ROBERT PHILLIPS;
WILLIAM H. WHITLATCH; KATHY L. WHITLATCH;
ALFRED R. CHAMBERS, as power of attorney for
GARY J. PIERSON; ALFRED R. CHAMBERS, JR.;
ALFRED R. CHAMBERS as power of attorney for
WINIFRED J. PIERSON;  PAUL R. PHILLIPS;
BARBARA SWARTZMILLER; CHARLES E. WHITLATCH;
PATRICIA WHITLATCH; NETTIE PHILIPS MORRIS;
EDNA PHILIPS SCHRADER; VIRGINIA KENNEDY;
HELEN KELLY; MARY THORNE and KENNETH L. PHILLIPS

v.

THE BRADDOCK CEMETERY AND CONSOL ENERGY,  the successor
and/or assign of RHEINBRUAN U.S. CORPORATION; and CNX COAL,
the successor and/or assign of  CONSOL PENNSYLVANIA COAL COMPANY

CONSOL ENERGY and CNX COAL,

Appellants in 08-3881

THE BRADDOCK CEMETERY COMPANY,

Appellant in 08-3938

_____

Consolidated Appeals from the United States District Court
for the Western District of Pennsylvania
(No. 05-cv-01438)
Honorable David S. Cercone

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 2, 2009

_____

Before: McKee, Hardiman, and Greenberg, <u>Circuit Judges</u>,

(Filed: June 08, 2009)

_____

OPINION

_____

McKee, *Circuit Judge*:

We are called upon to decide whether the District Court abused its discretion when it granted a motion for Rule 11 sanctions against attorneys C. William Kenny and Lousi M. Tarasi, Jr., but failed to order monetary relief in the form of attorneys' fees to the aggrieved parties as part of that sanction. Given our limited standard of review, we cannot conclude that the failure to impose a monetary sanction is reversible error. We will therefore affirm.

Because we write primarily for the parties, we need not engage in an extensive discussion of the facts or reiterate the tortured and convoluted procedural history of this

matter.[1]  We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291.  Our review

of the District Court's ruling on the motions for sanctions under Rule 11 is subject to an

abuse of discretion standard.  *Simmerman v. Corino*, 27 F.3d 58, 61 (3d Cir. 1994).  A

District Court has abused its discretion if its determinations are "contrary to reason or

without a reasonable basis in law and fact."  *Id.* at 62.

Appellants Consol Energy, Consol Pennsylvania Coal Company and the Braddock

Cemetery moved for Rule 11 sanctions against Plaintiffs' attorneys, arguing the filing of

this federal action was baseless and/or vexatious.[2]  After remand from this court, the

motion for Rule 11 sanctions against Plaintiffs' attorneys was referred to a United States

---

[1] This case has come before a panel of this court in the past.  The decision there contains a more complete statement of this dispute.  *See Gary v. Braddock Cemetery*, 517 F.3d 195 (3d Cir. 2008).

[2] Rule 11 provides in relevant part:

By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .

Fed. R. Civ. P. 11(b).

Magistrate Judge, who issued a Report and Recommendation ("R&R"). The Magistrate Judge waded through the tortured history of this dispute and concluded that Rule 11 had been violated. The R&R explained:

> It is well-established that Rule 11 Sanctions are warranted only in "exceptional circumstances in which the claim or motion is patently unmeritorious or frivolous." Moreover, a review of Third Circuit case law reveals that a court should refuse to impose sanctions unless, as here, the moving party can show a complete lack of factual or legal support for a claim. Rule 11 Sanctions, parenthetically, are never appropriate when a party's "only sin was being . . . unsuccessful." That said, *the Court, although it has strained to find otherwise, is unable to identify a theory or reasonable extension of existing law that would support this lawsuit against the Defendant[s]*.

(JA 25-26) (citations omitted) (emphasis added). Nevertheless, the Magistrate Judge concluded that "monetary sanctions are inappropriate and the public filing of this document is a sufficient sanction." (JA 27). The District Court adopted the R&R as the opinion of the District Court, and this appeal followed.

Appellants now argue that the District Court abused its discretion by declining to impose monetary sanctions because the mere public filing of the R&R is not sufficient to "deter baseless filings." Although we may well have been inclined to impose monetary sanctions on this record if we had been standing in the shoes of the Magistrate Judge and the District Judge, we cannot say the choice of a public rebuke was unreasonable or contrary to the law.

Rule 11 directs the district court to limit sanctions to "what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R.

Civ. P. 11(c)(4). Appellants imply that publicly filing an opinion which finds that Plaintiffs' attorneys violated Rule 11, without more, is nothing more than a slap on the wrist. However, as Justice Stevens once observed, "most lawyers are wise enough to know that their most precious asset is their professional reputation." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 413 (1990) (Stevens, J., concurring in part and dissenting in part). Nearly four centuries ago, a similar observation was made by no less an observer of human nature than William Shakespeare. He famously wrote: "Good name . . . [i]s the immediate jewel of [our] souls: Who steals my purse steals . . . nothing; . . . But he that filches from me my good name / Robs me of that which not enriches him, / And makes me poor indeed." *Othello* act 3, sc. 3. The wisdom of that observation has survived the test of time, having endured since 1603.

Thus, a public reprimand of an attorney by a federal judge is not to be taken lightly. It is a public rebuke that can reverberate within the legal community and have a profound impact on one who is supposed to stand as an officer of the court and conduct himself/herself accordingly.[3] We sincerely doubt that Plaintiffs' counsel, nor any other member of the legal community will take the sanction that was imposed here lightly.[4]

---

[3] Moreover, in this cybernetic age, the rebuke is accessible to anyone and everyone who has access to the omnipresent internet and the time and curiosity to enter a few simple keystrokes into a search engine.

[4] Indeed, it is certainly conceivable that many attorneys would rather quietly pay a monetary sum and have the matter closed, rather than having to contend with the lingering effect of a judge's public reprimand that has been made part of the public record that is so accessible within legal and professional circles.

While the Appellants are understandably frustrated by the time and expense incurred in defending against this meritless lawsuit, and disappointed that more was not done, it must be remembered that Rule 11 is not "a general fee shifting device." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987). Moreover, although this record reflects a continued course of vexatious conduct on the part of Plaintiffs' counsel, we nevertheless can not conclude that the conduct requires us to interfere with the decision of the District Judge or Magistrate Judge who are more "[f]amiliar with the issues and litigants" than we are. *Cooter*, 496 U.S. at 402. The judgment of the District Court is therefore affirmed.